

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-5195
Re: Matter of the invalidity of
a warrant ordered by the Com-
missioners' Court of Hunt
County for certain office
rent for which the county
had not legally bound itself.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"March 15, 1939 the Commissioners Court of
this county found it necessary to rent office
space to house the W P A Commodity Warehouse and
the Department of Public Welfare in the county.
They, at that time entered into possession of
the required office space and had paid a rental
of $100.00 per month from that time until March
1, 1943.

"On February 1, 1943 the County Auditor by
direction of the Commissioners Court sent by
registered mail to the lessor a notice that they
would vacate the building prior to March 1st and
would not thereafter be liable for rent therefor.
Subsequent to the receipt of such letter the les-
sor appeared and notified the Commissioners Court
and the County Auditor that he held a written
lease signed by the County Judge of the County
binding the County to pay the agreed rental of
$100.00 a month until January 1, 1944.

924

"This lease was signed only by the County Judge and no order appears of record in the Minutes of the Commissioners Court authorizing the County Judge to act as agent for the Commissioners Court in the execution of such lease. The Commissioners Court did not have notice or knowledge of the existence of this purported lease until after it had notified the lessor that it would vacate the building.

"An order appears on the Commissioners Court Minutes April 15, 1941 as follows:

"'ORDER TO PAY R. B. LOVE RENT ON W.P.A. BUILDING: April 15, A. D. 1941. Motion made by C. S. Hall, Commissioner, and seconded by J. C. Patterson, Commissioner that the rental payments of $100.00 per month to Rufus B. Love for rent on building used for W P A be ratified as per previous months and that warrant issue and be paid to the said Rufus B. Love in the amount of $100.00 for rental on building for the month of April and that each month's rentals shall be a separate transaction and the Commissioners Court shall authorize payment when due.'

"At the time such order was passed or subsequent thereto the lessor did not notify the Commissioners Court of the existence of said lease signed by the former County Judge.

"On March 6, 1943 the lessor appeared before the Commissioners Court and discussed with them at that time the existence of his purported lease, signed by the former County Judge. The Commissioners Court at that time expressly stated to lessor that the lease was not binding on the County, for the reason that the County Judge, acting personally, had no authority to bind the County in such a matter, but they told him that from a moral standpoint they would like to help him until such time as he could secure another tenant for

925

the building. At that time the Commissioners
Court passed an order as follows:

> "'COMMISSIONERS COURT IN SESSION MARCH 6,
> 1943. Motion made by J. C. Patterson,
> Commissioner, and seconded by Allen Mar-
> tin, Commissioner, that the rental of
> $100.00 per month to Rufus B. Love for
> rental on building formerly used by the
> Department of Public Welfare Stamp Issu-
> ing Office and Commodity Warehouse be
> stopped and that no more checks issue to
> him for such purpose effective March 1,
> 1943 with the proviso that the County pay
> Mr. Love $50.00 per month until such time
> as he may release or rent building in lieu
> of the $100.00 per month formerly paid
> and in no event longer than December 31,
> 1943.'

"Pursuant to such order of the Commissioners
Court the County Clerk issued a warrant payable to
lessor on April 1st in amount of $50.00. The County
Auditor has refused to approve such warrant for the
reason he does not think the County can legally pay
the lessor the sum of $50.00 a month as is provided
in the order of March 6th quoted above. I would
like an opinion from you as to whether or not, un-
der the above stated facts Hunt County is liable
to lessor for such amount.

"It is well settled that the County Judge by
virtue of his office is not an agent empowered to
contract on behalf of the County, 11 Texas Juris-
prudence 636. In the present instant no evidence
of the County Judge's authority to execute the
lease on behalf of the County appears in the min-
utes of the Commissioners Court. Marshall vs.
Simmons, 159 S. W. 89 holds that evidence to es-
tablish a contract binding on a county must be
contained in the written proceedings of the Court.
Under the above statement of facts I think it is
clear that the purported lease executed by the
County Judge, without authority of the Commis-
sioners Court, was not binding on the County un-
less same was ratified by the Commissioners Court.

926

"There is no evidence to support ratification of the lease as it affirmatively appears that the Commissioners Court in authorizing the payments of the monthly rental did not know that the lease had been executed and no acts of the Commissioners Court could amount to a ratification unless that court acted with knowledge of the circumstances. The order made April 15, 1941 quoted above shows clearly that the Commissioners Court was acting under the assumption that the rental agreement with lessor was a month to month agreement.

"Assuming then that the purported written lease signed by the County Judge was invalid, and that such lease has never been ratified by the Commissioners Court the question remains as to whether or not the order of the Commissioners Court passed on March 8, 1943 and quoted above is a valid order and subjects the county to liability to the sum of $50.00 per month.

"At the time such order was passed Mr. Love was advised that the purported written lease was invalid and the Commissioners Court were all satis- fied that such purported lease was invalid and they told Mr. Love at such time that they were passing such order not because of any legal lia- bility on the part of the County but because they considered it a moral obligation to see that he did not lose anything, as he had acted in good faith in accepting the purported written lease. It has been held in this regard that the burden of proving that an order was passed by the Com- missioners Court rests upon plaintiff claiming rights thereunder, Gordon vs. Denton County, 48 SW 737. The County could not be estopped to set up the defense of the want of authority in making the contract as the other party to the agreement is not in the situation of one who has acted inno- cently or without knowledge of the circumstances. One who deals with the County is charged with notice of regulations created by the Legislature. Therefore in the instant case the lessor was charged with the knowledge that the purported written lease executed by the County Judge, act- ing personally, was invalid, 11 Corpus Juris page 640.

"The order of the Commissioners of March 8, 1943 in my opinion is based upon no valid consideration in law. This statement is based on the fact that the facts show that all parties understood that at the time such order was passed that the County was not legally bound to pay the stipulated rent after March 1, 1943, the date the building was vacated, and this payment to the lessor would in fact amount to no more than a gift of $50.00 a month, and the Commissioners Court cannot donate County property or funds. Llano County vs. Johnson, 29 SW p. 56.

"In the order of March 8 the lessor bound himself to do nothing, and in return therefor, the County was to pay him $50.00 a month. In Mistrot-Callahan vs. M.K.&T., 209 SW 775, Subsequent Appeal, 233 SW 160, it was held that a promise by a carrier to pay a claim for which it was not liable, not in the way of a compromise, was without consideration and therefor not binding upon the defendant. The position of the parties in the instant case seems to me to be very much like that in the last cited case in that the order of the Commissioners Court of March 8 is a promise by the Commissioners Court to pay a claim for which it was not liable and not in the way of a compromise.

"Under the facts as stated it is my opinion that the County Auditor should refuse to approve any warrants issued under authority of the order of the Commissioners Court of March 8 quoted above.

"I will appreciate opinion from you on the above subject as soon as possible. . . ."

Conference Opinion No. 0-3099 of this department addressed to Honorable J. M. Allen, County Auditor of Hunt County, Texas, holds that the commissioners' court has authority to rent a building in which to store food and clothing furnished by the Federal Government for distribution to indigents. This opinion also holds that the commissioners' court has authority to rent office space for old age pension investigators, the W. P. A. and other Federal Government projects,

Honorable Eugene Brady, Page 6

if such projects are engaged in the administration of relief to the unemployed and needy people of the county. We enclose herewith a copy of said opinion.

Sections 96, 97, 98 and 99, Counties, 11 Texas Jurisprudence, pages 633-4-5-6-7-8-9 and 40, read in part as follows:

"96. Formalities--Order of Court--Acts of Members.--A contract or agreement made by a county is valid and binding only if made under the authority of a resolution or order duly passed at a meeting of the commissioners' court and entered upon the minutes of such meeting. If, in a suit involving an alleged contract, the petition fails to aver that an order was passed by the commissioners' court embodying the terms of the contract, the pleading is subject to a general demurrer. No rights can be acquired as against the county by agreements with the individuals composing the commissioners' court. The members of the court are not agents with general authority to bind the public; they are public officials who have been granted certain powers which must be exercised in the way prescribed by the statute.

"The burden of proving that an order was passed by the commissioners' court rests upon a plaintiff claiming rights thereunder.

". . . .

"97. Agents Appointed by Court--Authorization--County Officers.--The commissioners' court, in entering into a contract on behalf of the county, may act through an agent appointed by it; and the contract thus made by a duly appointed agent is binding upon the county. In a suit involving the contract it is necessary to show that the agreement is one which the agent was authorized to make, or that the county, with knowledge of the terms of the agreement, ratified it after it was made.

"Authority to bind the county by contract must come from the commissioners' court acting as

Honorable Eugene Brady, Page 7

a body; it is not sufficient that the individual commissioners may have refrained from objecting to the assumption of such authority by the alleged agent. It is not necessary, however, that authority be shown by an order actually entered on the minutes; the fact that an order was made may be shown by parol.

"County officers, by virtue of their office, are not agents empowered to contract on behalf of the county; and when they assume to do so, no recovery can be had against the county upon the contract or for the value of the goods in the absence of ratification by the commissioners' court.

"898. Acceptance of Benefits of Unauthorized Contract--Estoppel.--Where the evidence shows that the commissioners' court has acted with knowledge of the circumstances, and that the other party to the alleged contract has innocently placed himself in a situation which will cause him loss in case the contract is not sustained, it may be concluded that the county is bound thereby. The ratification or estoppel must be based upon action on the part of the commissioners' court. But, while the county doubtless is bound by a formal order of the court, such order is not necessary to ratification. Ratification of a contract to purchase chattels is held to be shown by the fact that a warrant was drawn, although no bill of sale was ever made, and no order entered in the minutes of the commissioners' court embodying the sale.

"A contract which the commissioners' court is shown to have had authority to make may be binding by virtue of subsequent acts of the court; and, conversely, the court cannot bind the county with respect to a contract which it was not authorized to make. . . .

"899.--Implied Contract--Illegal Agreements.-- Where a county has received benefits under a contract which is illegal in that it has not been made in conformity with the constitution or statutes, liability is held to exist, also, by reason of an

implied contract to pay the reasonable value of the benefits which the county may have received. The county may not be held liable upon an implied contract or quantum meruit unless the commissioners' court was authorized to make the contract sought to be implied; nor is the county estopped to set up as a defense the want of authority in making the contract. _The other party to the agreement is not in the situation of one who has acted innocently or without knowledge of the circumstances. One who deals with a county is charged with notice of regulations created by the legislature;_ and a custom which ignores the law cannot be invoked for the purpose of validating a transaction which is otherwise invalid. . . ." (Underscoring ours)

Article 3, Section 52, of our State Constitution, provides in part as follows:

"The Legislature shall have no power to authorize any county. . . .to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . ."

We quote from the case of Llano County et al. v. Johnson et al., 29 S. W. 56, (cited by you in your letter) as follows:

". . . The commissioners' court of the county occupy towards its property a trust relation, and they can only dispose of its property in the manner required by law and for purposes that are in keeping with the trust they represent. _They have no right to donate the county property or to dispose of it so as to virtually amount to a donation._ . . ." (Underscoring ours)

The lease signed by the county judge is clearly invalid and not binding on the county. Nor was such unauthorized lease ever ratified by the commissioners' court under the facts stated in your letter. The order of March 8, 1943, shown in your letter, reflects that the building on said date was no longer used by the projects for which the county paid a rental. On March 8, 1943, the owner of

the building had no valid claim against the county by reason of the county judge's unauthorized lease—a lease never ratified by the commissioners' court and one which was not ratified by such order of March 5th—and consequently on said date there was no legal account between the county and the owner of the building to audit and settle. The order of March 8, 1943, allowing the owner of the building certain sums against the county, clearly amounts to a donation which is prohibited by our State Constitution.

It is therefore our opinion under the facts stated that you have correctly answered the question. We also wish to express our appreciation for your excellent brief in this matter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp
Encl.

APPROVED APR 16, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN